**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

| | |
|---|---|
| TINA M. PALMER, | CASE NO. 19-11020 |
| *Plaintiff*, | |
| v. | HON. LAURIE J. MICHELSON DISTRICT JUDGE |
| COMMISSIONER OF SOCIAL SECURITY, | HON. PATRICIA T. MORRIS MAGISTRATE JUDGE |
| *Defendant*. | |
| _____/ | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION FOR ATTORNEY FEES (ECF No. 26.)**

**I.      RECOMMENDATION**

Plaintiff moved for attorney fees under the Equal Access to Justice Act, 28 U.S.C. § 2412. The two issues to analyze in this motion are whether the position of the Commissioner was substantially justified, and whether Plaintiff's specific fee request was reasonable.

I suggest the Commissioner's position was substantially justified. For the reasons below, I **RECOMMEND** that Plaintiff's motion be **DENIED**. Alternatively, if the Court finds the Commissioner's position was not substantially justified, I suggest the fee request is reasonable, and the motion should be **GRANTED**.

## II. REPORT

### A. Introduction and Background

Plaintiff's motion for attorney fees (ECF No. 26) under the Equal Access to Justice Act (EAJA) is before the Court on an order of reference for a hearing and determination, under 28 U.S.C. § 636(b)(1)(A). (ECF No. 29.)

Plaintiff applied for Title II Disability Insurance Benefits on May 13, 2016. (ECF No. 11, PageID.270–73.) Her amended onset date of her disability was July 16, 2016. (*Id.* at PageID.284.) The Commissioner denied her claim. (*Id.* at PageID.150–67.) The administrative law judge (ALJ) and Appeals Council also denied the claim. (*Id.* at PageID.34–36, 66–75.)

Plaintiff filed for judicial review of her claim on April 8, 2019, and she was represented by Attorney Lewis Seward. (ECF No. 1.) The parties filed cross-motions for summary judgment. (ECF Nos. 14, 15.) On May 4, 2020, I issued a report and recommendation that the Court deny Plaintiff's motion for summary judgment, grant the Commissioner's motion, and affirm the Commissioner's final decision. (ECF No. 18.) Plaintiff filed several objections (ECF No. 21), and the Commissioner responded (ECF No. 23). On September 1, 2020, the Court issued an opinion and order rejecting the report and recommendation, granting Plaintiff's motion, denying the Commissioner's motion, and remanding the case to the Commissioner for further proceedings under sentence four of 42 U.S.C. § 405(g). (ECF No. 24.) In the opinion and order, the Court stated, "the Court believes that the ALJ should either include a limitation for use of a cane as part of his [residual functional capacity] assessment or better explain why such a limitation is not

required." (*Id.* at PageID.1046.) In addition, the Court declined to directly address two of the three objections, in light of the remand decision from the cane objection. (*Id.*) Nevertheless, the ALJ was directed to address the arguments underlying the other two objections about Plaintiff's COPD, asthma, and the need for an updated medical-expert opinion. (*Id.* at PageID.1047.)

On November 23, 2020, Plaintiff filed the instant motion for attorney fees under EAJA. (ECF No. 26.) The Commissioner responded on December 7, 2020. (ECF No. 27.) And Plaintiff filed a reply. (ECF No. 28.) Plaintiff's motion was referred to me (ECF No. 29), and it is ready for determination.

**B.     EAJA Requirements**

Where a court renders a judgment favorable to a Social Security claimant who was represented by counsel, the court may allocate to that counsel a "reasonable" fee for such representation. 28 U.S.C. § 2412(b). An application for attorney fees under the EAJA[1], including an itemized justification for the amount requested, must be filed within 30 days of final judgment in the action. 28 U.S.C. § 2412(d)(1)(A). In Social Security disability cases, the EAJA filing period begins after the appeal period has expired, which renders the judgment final. *See Melkonyan v. Sullivan*, 501 U.S. 89, 102 (1991); 28 U.S.C. § 2412(d)(2)(G); Fed. R. App. P. 4(a). In addition, a claimant must be an eligible party; that

---

[1] Fees collected under the EAJA are paid by the Commissioner out of its own coffers, whereas fees collected under § 406 are paid out of the claimant's past due benefits. *See Scappino v. Comm'r of Soc. Sec. Admin.*, No. 1:12-CV-02694, 2015 WL 7756155, at *3 (N.D. Ohio Dec. 1, 2015). A motion for attorney fees under 42 U.S.C. § 406, which is paid out of claimant's accrued benefit, is not presently before the Court.

3

is, one "whose net worth did not exceed $2,000,000 at the time the civil action was filed." 28 U.S.C. § 2412(d)(2)(B).

After eligibility, three conditions must be met in order to recover attorney fees under the EAJA: (1) the claimant must be a prevailing party; (2) the government's position must be without substantial justification; and (3) there must be no special circumstances which would warrant a denial of fees. *Ratliff v. Comm'r of Soc. Sec.*, 465 F. App'x 459, 460 (6th Cir. 2012); *Marshall v. Comm'r*, 444 F.3d 837, 840 (6th Cir. 2006). With regard to the first condition, the Supreme Court has held that a party who obtains a sentence four remand is a prevailing party eligible for a judgment awarding costs, attorney fees, and expenses under the EAJA. *Shalala v. Schaefer*, 509 U.S. 292, 301–02 (1993); *Turner v. Comm'r of Soc. Sec.*, 680 F.3d 721, 723 (6th Cir. 2012). The second and third conditions stem from the EAJA's provision that a litigant may not recover attorney fees from the United States if the government's position was substantially justified. The statute reads in pertinent part:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . brought by or against the United States . . ., unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). The government bears the burden of demonstrating substantial justification. *E.W. Grobbel Sons, Inc. v. Nat'l Labor Relations Bd.*, 176 F.3d 875, 878 (6th Cir. 1999).

The second requirement operates to "discourage the government from taking unjustified positions." *Jones v. Schweiker*, 565 F. Supp. 52, 55 (W.D. Mich. 1983). A

position is "substantially justified" if it is "justified to a degree that could satisfy a reasonable person," or has a "reasonable basis in both law and fact." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). The government's position should be considered as a whole, including both the underlying agency action and the current litigation. *Amezola-Garcia v. Lynch*, 835 F.3d 553, 555 (6th Cir. 2016) (citing *Delta Eng'g v. United States*, 41 F.3d 259, 261 (6th Cir. 1994)). The government's loss raises no presumption that its position was not substantially justified. *See United States v. Real Property Located at 2323 Charms Road*, 946 F.2d 437, 440 (6th Cir. 1991).

    **C.**    **Analysis**

        **1.**    **Plaintiff's Eligibility and Certain Conditions for EAJA Attorney Fees.**

At the outset, I note that Plaintiff obtained a sentence four remand, making her a prevailing party in this matter, *see Turner v. Comm'r of Soc. Sec.*, 680 F.3d 721, 723 (6th Cir. 2012); (ECF No. 24, PageID.1047.) Her motion was timely filed, and properly contains an itemized justification for the amount requested. (ECF No. 26-2.) The Commissioner does not dispute—and so concedes—that Plaintiff's net worth does not exceed two million dollars; nor does the Commissioner contend that any "special circumstances" warrant denying fees in this case. The remaining issues to analyze are whether the Commissioner's position was substantially justified, and if not, whether the attorney fee request was reasonable.

### 2. Whether the Commissioner's Position was Substantially Justified.

A court can find that the government's position was substantially justified even where "the Secretary's position was not supported by substantial evidence." *Jankovich v. Bowen*, 868 F.2d 867, 870 (6th Cir. 1989). *See also Couch v. Sec'y of Health & Hum. Servs.*, 749 F.2d 359, 360 (6th Cir. 1984) (holding that a finding that the Secretary's decision was not supported by substantial evidence alone "is not a proper basis for the allowance of fees and expenses under the EAJA"). Here, the Commissioner argues that despite the Court's order to remand, his position was substantially justified. The Commissioner recognizes in his brief (Def. Br., ECF No. 27, PageID.1087–88) the findings of the District Court in rejecting the report and recommendation: that there is evidence of Plaintiff's cane use, that SSR 96-9p is unrelated to the ALJ's error, and the articulation error regarding cane usage in the residual functional capacity (RFC). The Commissioner argues that his position was substantially justified for the reasons that case law has analyzed SSR 96-9p in the context of light work, that the ALJ gave at least some consideration to Plaintiff's use of a cane, and that case law rejects a function-by-function analysis in assessing the RFC. (*Id.* at PageID.1088–90.) Plaintiff argues that the ALJ's omission of the use of a cane in the RFC, despite contrary evidence, cannot be substantially justified, and that the RFC's restricted range of light work is inconsistent with the District Court's findings regarding the evidence of cane usage.

Plaintiff's first argument reiterates the evidence of Plaintiff's case usage, either from her function report or her testimony. (Pl. Br., ECF No. 26, PageID.1057.) Further, Plaintiff

6

cites to the medical records of pain or limited movement on certain exertional- or postural-related activities and the medical records of Plaintiff's left hip replacement. (*Id.*) Plaintiff then posits, without support, that "A reasonable person who is aware that someone who uses a cane at times and has difficulty ambulating would at least *discuss* this factor when determining the RFC." (*Id.* at PageID.1058.) In any event, Plaintiff inverts the *Pierce* standard: substantial justification is justification to a degree that would satisfy a reasonable person; it not consideration of what a reasonable person would consider justification.

This case regards the ALJ's failure to articulate a provision in the RFC assessment. The substance of the District Court's remand order indicates the same. The District Court reviewed the evidence of Plaintiff's cane usage, observed the absence of a cane limitation in the RFC, and inquired, "Why?". (ECF No. 24, PageID.1037–38.) After further consideration of the relevant RFC terms (sedentary/light work, the lift/carry limitations, the sit-stand at-will option), the Court concluded, "the ALJ's [RFC] narrative does not adequately explain why, despite evidence of cane use, he did not include a limitation specifically for [Plaintiff's] cane use." (*Id.* at PageID.1042.) This type of error of inarticulation impairs appellate review of administrative agencies by reviewing courts by failing to provide the path of logical reasoning in the administrative analysis. (*See id.* at PageID.1040.) Therefore, here, the District Court remanded the case so the ALJ can "decide whether a cane limitation should be added to [Plaintiff's] RFC assessment and, if not, explain why the evidence of her use of a cane does not warrant a cane limitation." (*Id.* at PageID.1047.)

"The ALJ's failure to articulate his reasoning with respect to this issue does not, in and of itself, establish that there was no reasonable basis for the ALJ's decision to deny benefits." *Saal v Comm'r of Soc. Sec. Admin.*, 2010 WL 2757554 at *3 (W.D. Mich. 2010) (citing *Anderson v. Comm'r of Soc. Sec.*, 1999 WL 1045072 (6th Cir. 1999); *Stein v. Sullivan*, 966 F.2d 317, 319 (7th Cir. 1992)). This, combined with the District Court's analysis, highly suggests that the Commissioner's position did not lack substantial justification. Plaintiff offers nothing of substance to the contrary. Plaintiff cites the known requirement that hypothetical questions posed to Vocational Experts have to accurately portray a plaintiff's physical and mental impairments. *Varley v. Sec'y of Health & Human Servs.*, 820 F.2d 777, 779 (1987) (quotation omitted). However, the ALJ is only required "to incorporate only those limitations accepted as credible by the finder of fact." *Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1235 (1993) (citation omitted). The case law cited here, together with the general principles of the substantial evidence test and together with the evidence of the instant case, suggests only remand for clarification of reasoning and not some other error of law or fact.

Plaintiff's citation to an allegedly similar cane-related error in *Swanson v. Comm'r of Soc. Sec.*[2] is unavailing to her argument. The nature of decisions in Social Security disability cases is highly individualized considering a claimant's possibly extensive medical record with the disability evaluation process. *Swanson* cannot be not cited here for

---

[2] *Swanson*, 2018 WL 1531547 (W.D. Mich. 2018).

8

anything other than the general requirements for articulation under *Hurst* and *Diaz*[3]. The plaintiff in *Swanson* was "'barely ambulatory'"[4] and Plaintiff in the instant case does not draw the logical reasoning connecting the facts that differ between these cases; Plaintiff, here, does not offer evidence or argument that suggests the facts are comparable. More importantly to the instant motion, Plaintiff does not suggest in this argument that *Swanson* was ultimately resolved with EAJA fees in that plaintiff's favor.

Plaintiff's second argument is equally unavailing to her claim for EAJA fees. Plaintiff reiterated the District Court's analysis of the RFC regarding the limitations for light work relative to sedentary work and for the sit-stand at will. Plaintiff's posit that the sit-stand option did not make sense for a light RFC but Plaintiff does not include that the District Court's analysis on that subject was in the context of the ALJ's absence of a cane limitation in the RFC. This is further shown by the remand order which speaks nothing of the ALJ's determination about light work, the lift/carry limitations, or the sit-stand option—in and of themselves. The remand order speaks only to the need for articulation about Plaintiff's cane usage. Plaintiff offers nothing to support that these other RFC terms are unjustifiable other than the assumption that the claim is true.

The articulation error described above will be corrected through the remand process. But this "[remand] alone is not a proper basis for the allowance of fees and expenses under the Equal Access to Justice Act." *Couch*, 749 F.2d at 360.

---

[3] *Hurst v. Sec'y of Health & Human Servs.*, 753 F.2d 517, 519 (6th Cir. 1985); *Diaz v. Chater*, 55 F.3d 300, 307 (7th Cir. 1995).
[4] *Swanson*, at *6.

In addition to recognizing that remand alone does not justify EAJA fees, the Commissioner argues 1) case law using SSR 96-9p in analysis in the context of light work, 2) the ALJ gave some consideration to Plaintiff's cane usage, and 3) Sixth Circuit cases reject a categorical function-by-function analysis of SSR 96-8p. (Def. Br., ECF No. 27, PageID.1088–91.) The Commissioner's reliance on SSR 96-9p is erroneous in light of the finding by the District Court, that "SSR 96-9p appears unrelated to the ALJ's error" of a failure to articulate.

Turning to the Commissioner's final two arguments, the Commissioner contends that the ALJ considered Plaintiff's cane usage, and the usage was in the context of her testimony and function report. (ECF No. 11, PageID.71, 73.) The ALJ considered the opinion evidence in the case, and he stated there was no indication by a physician of a greater work-related limitation than what was adopted in the RFC. (*Id.* at PageID.72.) The ALJ also, overall, considered Plaintiff's claimed symptoms and found they were not entirely consistent with the medical evidence of her medically determinable impairments. (*Id.* at PageID.71.) These findings are partially consistent with SSR 96-8p[5]. *See, e.g.*, *Grubbs v. Comm'r of Soc. Sec.*, 2017 WL 1148918, at *2 (E.D. Mich. Mar. 28, 2017) ("There is no requirement for an ALJ to detail in writing a claimant's status for every conceivable work-related function. Instead, the ALJ must discuss how the evidence supports, or not, the functional limitations identified." However, the ALJ failed to properly

---

[5] "[W]hen there is no allegation of a physical or mental limitation or restriction of a specific functional capacity, and no information in the case record that there is such a limitation or restriction, the adjudicator must consider the individual to have no limitation or restriction with respect to that functional capacity." SSR 96-8p.

10

articulate or logically account for Plaintiff's cane-related limitations that were supported by testimonial and medical-observation evidence.

Finally, while the District Court agreed with Plaintiff's objection regarding cane usage, and ordered remand rather than an award of benefits, the District Court also directed the ALJ to consider the subjects of Plaintiff's other objections related to her COPD, asthma, and the updated medical opinion. The parties offer no argument relative to the result of these two objections. Thus, any argument that could made here is deemed waived. *Anthony v. Astrue*, 266 F. App'x 451, 461 (6th Cir. 2008) (citing *Spirko v. Mitchell*, 368 F.3d 603, 612 (6th Cir. 2004)).

### 3. Whether the Attorney Fee requested is reasonable.

Plaintiff requests $6,082.50 for 37.5 hours of work before the District Court. (ECF No. 26, PageID.1050.) This work includes 32.7 hours of attorney time (at $175 per hour) and 4.8 hours of legal assistant time (at $75 per hour). (*Id.*) Plaintiff submitted a statement of services rendered that details the hours worked. (ECF No. 26-2.) The Commissioner does not make an argument about the reasonableness of Plaintiff's fee request. While there is no opposition to this portion of Plaintiff's motion, the Court has an independent duty to review the reasonableness of the hours in a motion for attorney fees under EAJA. *Minervi v. Saul*, 2020 WL 7055551 (M.D. Tenn. 2020).

Attorney's fees claimed under the EAJA must be reasonable. *Glass v. Sec'y of Health & Human Servs.*, 822 F.2d 19, 21 (6th Cir. 1987). As the Supreme Court noted in *Hensley v. Eckerhart*, "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by

11

a reasonable hourly rate." 461 U.S. at 433. In *Glass*, the Sixth Circuit, citing *Coulter v. State of Tennessee*, 805 F.2d 146, 149 (6th Cir. 1986), recognized "that the rate-times-hours method of calculation, also known as the 'lodestar' approach, includes most, if not all, of the factors relevant to determining a reasonable attorney's fee." 822 F.2d at 21. The statutory hourly maximum is $125.00, "unless the court determines that an increase in the cost of living or a special factor . . . justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A).

Notwithstanding the prior analysis on substantial justification on the motion, Plaintiff's fee request appears reasonable. For fees of counsel and legal assistant, the hours of work performed, the stated rates, and cost-of-living adjustment appear reasonable in light of *Sherrick v. Comm'r of Soc. Sec.*, 2017 WL 2544072 (W.D. Mich. 2017).

### D. Conclusion

For these reasons, I suggest that the position of the Commissioner was substantially justified and that fees should not be awarded, thus the motion should be **DENIED**. However, in the alternative, if the Court finds the position of the Commissioner was not substantially justified, Plaintiff's fee request of $6,082.50 was reasonable, and the motion should be **GRANTED**.

### III. REVIEW

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed.

R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Dakroub v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: April 1, 2021                                    S/ PATRICIA T. MORRIS
                                                       Patricia T. Morris
                                                       United States Magistrate Judge