UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TINA M. PALMER,

      Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

      Defendant.

Case No. 19-11020
Honorable Laurie J. Michelson
Magistrate Judge Patricia T. Morris

**OPINION AND ORDER
ADOPTING REPORT AND RECOMMENDATION [30] AND DENYING
PLAINTIFF'S MOTION FOR ATTORNEY'S FEES [26]**

At times relevant to this case, Tina Palmer suffered from chronic obstructive pulmonary disease and asthma, arthritic right and left hips, and obesity. Because of these and other conditions, Palmer thought that she could not work a fulltime job. So she applied for disability benefits from the Social Security Administration, alleging that she became disabled in July 2016.

In 2018, an administrative law judge, acting on behalf of the Commissioner of Social Security, found that Palmer was not "under a disability" as that term is used in the Social Security Act. That prompted Palmer to file this lawsuit, effectively appealing the Commissioner's disability determination.

All pretrial matters in this case were then referred to Magistrate Judge Patricia T. Morris. In May 2020, Magistrate Judge Morris issued a report and recommendation. She recommended that this Court affirm the Commissioner's

determination that Palmer was not disabled (and thus not entitled to benefits). *Palmer v. Comm'r of Soc. Sec.*, No. 19-11020, 2020 WL 5224242, at *11 (E.D. Mich. May 4, 2020).

Palmer then filed objections, and the Court sustained one. In assessing what Palmer could do despite her impairments, i.e., assessing her residual functional capacity (RFC), the ALJ found that Palmer could perform "light work" with an option to "sit/stand at will." *Palmer v. Comm'r of Soc. Sec.*, No. 19-CV-11020, 2020 WL 5209358, at *1 (E.D. Mich. Sept. 1, 2020). But there was evidence of record that Palmer needed to use a cane. *Id.* at *2. And the Court thought that Palmer's use of a cane was potentially inconsistent with the RFC because "the full range of light work requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday." *Id.* at *1. True, the sit-stand option went a good ways to reducing the demands of light work, but the Court still thought that the ALJ had not explained how that more limited range of light work was consistent with Palmer's use of a cane. *Id.* at *2. The Court "believe[d] that the ALJ should [have] either include[d] a limitation for use of a cane as part of his RFC assessment or better explain[ed] why such a limitation [was] not required." *Id.* at *5.

Palmer also claimed that the ALJ erred in other ways, but this Court declined to address those arguments. The Court explained, "Palmer does not claim that these alleged errors entitle her to an award of benefits; she only seeks remand based on them. . . . But this Court has already decided to remand this case on the basis that the ALJ did not adequately explain why he omitted a limitation for Palmer's use of a

cane. And, in this Court's view, it is better for the ALJ to address Palmer's COPD, asthma, and *Deskin* arguments in the first instance." *Id.* at *6.

In the end, the Court remanded the case to the ALJ to address only the RFC-cane issue. The Court ordered, "the ALJ is to decide whether a cane limitation should be added to Palmer's RFC assessment and, if not, explain why the evidence of her use of a cane does not warrant a cane limitation. The ALJ is also to address Palmer's arguments regarding her COPD, asthma, and the need for an updated medical-expert opinion." *Palmer*, 2020 WL 5209358, at *6.

That is where things stood until November 2020, when Palmer filed a motion for attorney's fees under the Equal Access to Justice Act (EAJA). (ECF No. 26.) The Commissioner opposed Palmer's request for EAJA fees, and the Court referred the parties' dispute to Magistrate Judge Morris.

Magistrate Judge Morris recommends this Court deny Palmer attorney's fees. Under the EAJA, a prevailing party is not entitled to fees if the government's position was "substantially justified." According to the Magistrate Judge, case law indicated that an ALJ's failure to articulate his reasoning does not, by itself, show the Commissioner's position was not substantial justified. (ECF No. 30, PageID.1109.) That law, coupled with this Court's opinion, "highly suggests that the Commissioner's position did not lack substantial justification," the Magistrate Judge opined. (*Id.*)

Palmer objects. In her view, the Commissioner's positions were not substantially justified, and she is entitled to attorney's fees under the EAJA. (ECF No. 31.)

The EAJA provides that this Court "shall award to a prevailing party . . . fees and other expenses . . . incurred by that party in any civil action . . . . unless the court finds that the position of the United States was substantially justified." 28 U.S.C. § 2412(d)(1)(A). "[A] position is substantially justified if a reasonable person could think it correct and it has a reasonable basis in law and fact." *Griffith v. Comm'r of Soc. Sec.*, 987 F.3d 556, 563 (6th Cir. 2021) (internal quotation marks omitted). The Commissioner's position can be wrong and still be substantially justified. *Id.* In evaluating the Commissioner's position, a court considers "its arguments made during litigation as well as its pre-litigation conduct." *Id.* at 564.

In assessing whether the Commissioner's position in this case was substantially justified, the Court does not assess Palmer's arguments relating to her COPD, asthma, or the need for an updated medical-expert opinion. For one, the Court did not rule on the merits of those arguments in remanding this case. *See Palmer*, 2020 WL 5209358, at *6. Secondly, in the EAJA briefing before the Magistrate Judge, Palmer never argued that the Commissioner's positions as to her COPD, asthma, and an updated opinion, were not substantially justified. (*See generally* ECF Nos. 26, 28.) True, it was the Commissioner's burden to establish that her positions were substantially justified, *Griffith*, 987 F.3d at 563, and she, like Palmer, also did not address COPD, asthma, and an updated medical opinion in her EAJA briefing before the Magistrate Judge (ECF No. 27). But the general rule is that a party cannot present one set of arguments to the Magistrate Judge and another to the District Court. *See Aplin v. Faurecia Interior Sys., Inc.*, No. 18-10703, 2020 WL 6268448, at

*4 (E.D. Mich. Oct. 26, 2020) (citing cases); *Boyd v. McCabe*, No. 16-CV-12741, 2019 WL 3852582, at *2 (E.D. Mich. Aug. 16, 2019) ("It entirely undercuts that purpose to permit a litigant to run one case by the magistrate judge and another by the district judge."). And that rule applies with particular force here: it was only after the Magistrate Judge found that the Commissioner's position on the RFC-cane issue was substantially justified that Palmer argued to this Court that the Commissioner's positions on other issues were not. That's like two bites at the apple. Accordingly, the Court only decides whether the Commissioner's position on the RFC-and-cane issue was substantially justified.

To answer that question, the Court examines Palmer's claim of error and the Commissioner's response to it.

In her motion for summary judgment, Palmer noted that the ALJ had acknowledged in his decision that she used a cane on occasion, but "fail[ed] to connect-the-dots (or take the next step) when formulating the RFC." (ECF No. 14, PageID.927.) Palmer claimed that "the ALJ simply failed to analyze how evidence on use of a cane relates to the RFC" (*id.* at PageID.929) and that "[r]eversible error is present when this Court cannot trace the ALJ's path of reasoning on why use of a cane was not considered when formulating a light RFC" (*id.* at PageID.930).

In her response brief, the Commissioner construed Palmer's argument as "suggesting . . . that the ALJ should have included the use of a cane in his RFC." (ECF No. 15, PageID.952.) The Commissioner then went on to argue why it was not error for the ALJ to have omitted a cane limitation from the RFC. The Commissioner

believed that Social Security Ruling 96-9p required Palmer to show that a cane was "medically required" and she had failed to do so. (*Id.* at PageID.953–954.) The Commissioner then argued that the ALJ "inquired at length at the hearing regarding Plaintiff's use of a cane, and ultimately elicited testimony that Plaintiff uses a cane for only 20 minutes per week." (*Id.* at PageID.953.) The Commissioner then went on to discuss some medical evidence, attempting to show that Palmer only used a cane occasionally and that Palmer had normal strength in her legs or a normal gait. (*See id.* at PageID.954–955.) "In summary," argued the Commissioner, "the ALJ provided a thorough discussion of the relevant evidence, and adequately articulated the reasoning underpinning his RFC assessment." (*Id.* at PageID.957.)

The parties took similar positions in the briefing before this Court. In her objections to the Magistrate Judge's report, Palmer claimed that the ALJ's decision "[did] not articulate why (or why not) the use of a cane should be incorporated within the RFC. It is an error of articulation because it is normally inconsistent with the ability to perform the standing and walking." (ECF No. 21, PageID.1006–1007.) And the Commissioner responded that Social Security Ruling 96-9p required Palmer to show that a cane was "medically required," and that she had not. (ECF No. 23, PageID.1024–1025.) And more directly addressing Palmer's articulation argument, the Commissioner asserted, "this type of specific articulation requirement is absent from SSR 96-9p and unsupported by relevant authority; what is required is that the ALJ give 'consideration' to a claimant's use of a cane when assessing a claimant's RFC, a standard that is amply met on this record." (*Id.* at PageID.1025.)

In considering these arguments and electing to remand this case, the Court was not persuaded by the Commissioner's arguments. The Court found that the "Commissioner's reliance on SSR 96-9p [was] misplaced." *Palmer*, 2020 WL 5209358, at \*4. And while it was true that Palmer testified to using a cane for only 20 minutes per week, that might have been because she did not need a cane inside her house and because she did not leave her home very often. *Id.* at \*5. "More importantly," said the Court, "the ALJ formulated his RFC *before* learning that Palmer only needed to use a cane 20 minutes a week. So that testimony cannot be the reason that the ALJ omitted a limitation specific to cane use." *Id.* (citation omitted).

Despite rejecting the Commissioner's arguments, this Court cannot say they were unreasonable. The Commissioner defended the ALJ's failure to explain why a cane limitation was omitted from the RFC by arguing that Palmer's own testimony indicated limited use of a cane and that medical records indicated she had the ability to ambulate normally. (ECF No. 15, PageID.954–955.) That was a reasonable position to take. There was not evidence of record that clearly showed that Palmer's use of a cane precluded light work with a sit-stand option. Further, although this Court thought SSR 96-9p was not controlling on the issue of whether the ALJ needed to explain his omission of a cane limitation, the Commissioner cited cases indicating that SSR 96-9p was applicable. (*See e.g.*, ECF No. 15, PageID.953 (citing *Scroggins v. Comm'r of Soc. Sec.*, No. 16-11913, 2017 WL 4230650, at \*4 (E.D. Mich. Sept. 25, 2017).) Indeed, the Magistrate Judge was persuaded by the Commissioner's arguments on the cane-RFC issue. *See Palmer v. Comm'r of Soc. Sec.*, No. 19-11020,

7

2020 WL 5224242, at *10 (E.D. Mich. May 4, 2020). Moreover, the Court notes that it did not remand this case for an award of benefits, and it still may be the case that the ALJ was correct to omit a cane limitation from his RFC assessment.

In that way, this case is a bit like *DeLong v. Comm'r of Soc. Sec. Admin.*, 748 F.3d 723 (6th Cir. 2014). There, the district court remanded the case to the Commissioner because the ALJ had not adequately explained why he rejected the opinion of the claimant's treating physician. *Id.* at 724–25. Following the remand, the claimant sought fees under the EAJA. In finding that the Commissioner's position was substantially justified, the Sixth Circuit noted that "remand on procedural grounds may result in yet another denial of benefits." *Id.* at 727. And "[a] fully justified position may be poorly explained," said the Court. *Id.* Although an ALJ's failure to articulate could support an award of fees under the EAJA, "such an award is not appropriate when nothing about the specific remand at issue implies a lack of substantial justification." *Id.*

In all, the Commissioner has shown that her position was substantially justified. Accordingly, the Court ADOPTS the report and recommendation (ECF No. 30), and for the reasons stated there as well as here, Palmer's motion for attorney's fees under the Equal Access to Justice Act (ECF No. 26) is DENIED.

SO ORDERED.

Dated: August 30, 2021

> s/Laurie J. Michelson
> LAURIE J. MICHELSON
> UNITED STATES DISTRICT JUDGE